**FRIENDS OF YOSEMITE VALLEY, a non-profit corporation; Mariposans for Environmentally Responsible Growth (MERG), a non-profit corporation, Plaintiffs—Appellants,**

v.

**Gale NORTON, in her official capacity as Secretary of the Interior; United States Department of the Interior; National Park Service; John Reynolds; David A. Mihalic, Defendants—Appellees.**

No. 04–15682.

United States Court of Appeals,
Ninth Circuit.

April 20, 2004.

Sharon E. Duggan, Esq., Law Offices of Sharon E. Duggan, Berkeley, CA, Julia A. Olson, Esq., Wild Earth Advocates, Eugene, OR, for Plaintiffs–Appellants.

Elizabeth Ann Peterson, Esq., David C. Shilton, Esq., DOJ—U.S. Department of Justice, Washington, DC, Charles R. Shockey, Esq., U.S. Department of Justice, Sacramento, CA, E. Robert Wright, Esq., USF—Office of The U.S. Attorney, Fresno, CA, for Defendants–Appellees.

Before: GOODWIN, TASHIMA, and WARDLAW, Circuit Judges.

**ORDER**

We write to clarify our Opinion of October 27, 2003, *Friends of Yosemite Valley v. Norton*, 348 F.3d 789, 796–99 (9th Cir. 2003). There we held that the entire Merced Wild and Scenic River Comprehensive Management Plan ("CMP") is invalid due to two deficiencies: (1) a failure to adequately address user capacities; and (2) the improper drawing of the Merced River's boundaries at El Portal. While we remanded to "the district court to enter an appropriate order requiring the [National Park Service] to remedy these deficiencies in the CMP in a timely manner," *id.* at 803, we did not "otherwise uphold the [CMP]." District Court's Memorandum Opinion and Order Following Remand at 28. Rather, our Opinion merely stated that the additional challenges to the CMP brought by Friends of Yosemite Valley and Mariposans for Environmentally Responsible Growth (collectively, "Friends") lacked merit. Pursuant to our original Opinion, the National Park Service ("NPS") must prepare a new or revised CMP that adequately addresses user capacities and properly draws the river boundaries at El Portal.

Because the district court based its denial of Friends' motion for injunctive relief on a misconstruction of our Opinion, we remand this matter to it for reconsideration of Friends' motion in light of this clarification of our prior holding. Pending the district court's reconsideration of this matter, we grant a temporary stay of proceedings and an injunction prohibiting NPS from implementing any and all projects developed in reliance upon the invalid CMP.

IT IS SO ORDERED.